T.C. Summary Opinion 2007-164

UNITED STATES TAX COURT

JAMES J. SPUCHES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14370-06S.            Filed September 12, 2007.

James J. Spuches, pro se.

John M. Janusz, for respondent.

DEAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated,

subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $1,458 deficiency in petitioner's 2003 Federal income tax. The issues for decision are whether petitioner is entitled to a: (1) Dependency exemption deduction; and (2) child tax credit.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition was filed, petitioner resided in Sylvan Beach, New York.

Petitioner and Diane E. Spuches (former spouse) obtained a judgment of divorce in 1994. Their marriage had produced two daughters (the children). In the divorce proceedings, a stipulation was entered that provided that petitioner would claim both dependency exemption deductions until his former spouse was employed and had incurred a tax liability. On the happening of that event, the dependency exemption deductions were to be divided between petitioner and his former spouse. Additionally, the former spouse was awarded primary custody.

The former spouse's 2003 Federal income tax return showed sufficient adjusted gross income to require her to file, and she

incurred a tax liability.  Also, the former spouse had custody of the children for the greater portion of the year.

For the 2003 taxable year, petitioner filed a joint income tax return with his current spouse, who is not a party to this case.  On the joint return, petitioner claimed dependency exemption deductions and child tax credits for the children. Petitioner did not attach a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or its equivalent to his joint return.

Respondent issued a notice of deficiency to petitioner. Respondent denied one of petitioner's dependency exemption deductions and a portion of his child tax credits, reasoning that the former spouse had properly claimed the child as a dependent. The denial resulted in a $1,458 deficiency.

### Discussion

Respondent urges us to sustain the disallowance of petitioner's dependency exemption deduction and the portion of the child tax credit related to the child since petitioner did not attach a Form 8332 or its equivalent to his 2003 joint Federal income tax return as required by section 152(e)(2) and section 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).

The Commissioner's determinations in a notice of deficiency are presumed correct, and the burden is on the taxpayer to prove

that the determinations are in error. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). However, pursuant to section 7491(a)(1), the burden of proof on factual issues that affect the taxpayer's tax liability may be shifted to the Commissioner where the "taxpayer introduces credible evidence with respect to * * * such issue". The burden will shift only if the taxpayer has complied with the substantiation requirements and the taxpayer "has cooperated with reasonable requests by the Secretary for witnesses, information, documents, meetings, and interviews". Sec. 7491(a)(2). Petitioner has not alleged or proven that section 7491(a) applies. Accordingly, the burden remains on petitioner.

1.   <u>Dependency Exemption Deduction</u>

Section 151(c), in pertinent part, allows a taxpayer to claim as a deduction the exemption amount for each individual who is a "dependent" of the taxpayer as defined in section 152 and who is the taxpayer's child and satisfies certain age requirements.

Section 152(a) defines "dependent", in pertinent part, to include a "son or daughter of the taxpayer" over half of whose support for the calendar year in which the taxable year of the taxpayer begins was received from the taxpayer or is treated under section 152(c) or (e) as received from the taxpayer.

Section 152(e)(1) provides a general rule that limits the dependency exemption deduction as follows:  if the child received over half of his support during the calendar year from his parents who are divorced under a decree of divorce and the child is in the custody of one or both parents for more than one-half of the calendar year, then the child is treated as receiving over half of his support during the calendar year from the parent having custody for the greater portion of the calendar year (the custodial parent).[1]

But section 152(e)(2) provides an exception to the general rule of section 152(e)(1):  "if * * * the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe)" that he will not claim the child as a dependent and the noncustodial parent attaches the written declaration to his return for the taxable year, then the noncustodial parent is entitled to the dependency exemption deduction.  For purposes of section 152(e)(2), the term "noncustodial parent" means the parent who is not the custodial parent.  Sec. 152(e)(2).  The temporary regulation states that a

---

[1] In the present case, the exceptions in sec. 152(e)(3) and (4) do not apply.  There was no multiple support agreement as defined in sec. 152(c), and since the stipulation in petitioner's divorce proceeding was entered in 1994, there is no pre-1985 instrument.  Thus, petitioner is entitled to the dependency exemption deduction only if the requirements of sec. 152(e)(2) are met.

noncustodial parent may claim the exemption for a dependent child "only if the noncustodial parent attaches to his/her income tax return for the year of the exemption a written declaration from the custodial parent stating that he/she will not claim the child as a dependent".  Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., supra.

The written declaration may be made on a form provided by the Internal Revenue Service or a document that conforms to its substance.  Miller v. Commissioner, 114 T.C. 184, 190-191 (2000) (citing section 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., supra); see also Neal v. Commissioner, T.C. Memo. 1999-97.  The written declaration is embodied in Form 8332, which incorporates the requirements of section 152(e)(2).  Miller v. Commissioner, supra at 191.[2]

In Miller v. Commissioner, supra, the Court stated that in order for the noncustodial parent to claim the dependency exemption deduction, section 152(e)(2) clearly required the custodial parent to release the dependency exemption deduction by signing a written declaration to that effect.  Id. at 195.  Simply

_____

[2] Form 8332 requires a taxpayer to furnish (1) the names of the children for which exemption claims were released, (2) the years for which the claims were released, (3) the signature of the custodial parent, (4) the custodial parent's Social Security number, (5) the date of the custodial parent's signature, and (6) the noncustodial parent's name and Social Security number. Miller v. Commissioner, 114 T.C. 184, 190 (2000).

attaching a State court order that was not signed by the custodial parent to the return of the noncustodial parent did not satisfy the express requirements of section 152(e)(2). Id. at 196. The mere fact that the State court granted the taxpayer the right to claim the dependency exemption deduction was immaterial because a State court cannot determine issues of Federal tax law. Id. (citing Kenfield v. United States, 783 F.2d 966, 969 (10th Cir. 1986) and White v. Commissioner, T.C. Memo. 1996-438 (citing with approval Commissioner v. Tower, 327 U.S. 280, 287-288 (1946))).

The parties agree that the former spouse had custody of the children for the greater portion of the taxable year; therefore, petitioner is not the "custodial parent" as defined in section 152(e)(1). Because petitioner, the noncustodial parent, did not attach Form 8332 or its equivalent to his joint return, he is not entitled to the dependency exemption deduction. Accordingly, we sustain respondent's disallowance of the dependency exemption deduction.

2. Child Tax Credit

Section 24(a) provides a credit against income tax for each "qualified child" of a taxpayer who is under 17 years of age. A "qualified child" is one for whom a taxpayer may claim a deduction under section 151. Sec. 24(c)(1)(A). Thus, a taxpayer is ineligible for the child tax credit under section 24(a) unless the taxpayer is eligible for the dependency exemption deduction under

section 151.  Because we have determined that petitioner is not entitled to the dependency exemption deduction, it follows that he is not entitled to the child tax credit.  Accordingly, we sustain respondent's disallowance of the child tax credit.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered for respondent.</u>